UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,                                      Case No. 11-13742

v.                                             Hon. John Corbett O'Meara

FORD MOTOR COMPANY,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR REVIEW OF TAXED BILL OF COSTS**

Before the court is Plaintiff's motion for review of the Clerk's taxed bill of costs, which has been fully briefed. Defendant sought $7,988.23 in costs, of which $5,569.87 was allowed by the Clerk. Plaintiff seeks review of several items that were taxed, as follows: (1) $118 in fees incurred to serve a discovery subpoena on Jane Harris; (2) $40 "rush" and $48 "pick-up" fees to serve a deposition subpoena on Harris; (3) cost of discovery motion hearing transcripts ($25 and $126.10) before the magistrate judge; and (4) costs for administrative fees and copies of exhibits in depositions ($191.80 for Harris deposition; $238 for Dr. Fraser deposition; and $131.65 for Dr. Donat deposition).

Defendant agrees that the $118 in fees incurred to serve a discovery subpoena on Jane Harris is not taxable and should be deducted. Defendant contends that the remaining costs are taxable and argues that an additional $788 should be added for the cost of John Gordon's deposition transcript.

Costs are taxed pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. In reviewing a

request for taxation of costs, the court must determine "first . . . whether the expenses are allowable cost items and then . . . whether the amounts are reasonable and necessary." Jefferson v. Jefferson County Pub. Sch. Sys., 360 F.3d 583, 591 (6th Cir. 2004).  The prevailing party has the burden of establishing that the expenses it seeks to have taxed as costs "are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920." Berryman v. Hofbauer, 161 F.R.D. 341, 344 (E.D. Mich. 1995).

Plaintiff disputes that the "rush" and "pick up" fees for serving a subpoena on Harris are taxable.  Although the court finds that the "pick up" fee is reasonable and necessary (allowing the process server to obtain the subpoena), the court finds that Defendant has not met its burden of demonstrating that a "rush" fee was reasonable and necessary under the circumstances. Therefore, the court will deduct $40 for the "rush" fee.

Plaintiff also contends that the discovery hearing transcripts were not necessary, but obtained only for the convenience of counsel.  Defendant used the hearing transcripts in objecting to the magistrate's ruling and responding to Plaintiff's objections.  The transcripts included the magistrate's explanation for his rulings, which was not included in the written orders.  Under these circumstances, the court finds that the transcripts were necessarily obtained for use in the case.

Plaintiff asserts that administrative fees (delivery and tabbing exhibits) and costs of copying exhibits in the depositions of Jane Harris, Dr. Fraser, and Dr. Donat are not taxable. The court finds that although exhibit copies and delivery fees are generally reasonable and necessary, certain "extras" such as "hyperlinked exhibits on CD" and tabbing exhibits are done for the convenience of counsel and are not necessary.  Accordingly, the court will disallow the

following items, for a total of $392.10: (1) Harris deposition, $46.90 (hyperlinked exhibits on CD), $10.80 (exhibits tabbed), $30 (hyperlinked exhibits on CD), and $30 (hyperlinked exhibits on CD); (2) Fraser deposition, $78.75 (hyperlinked exhibits on CD) and $102 (tabbed exhibits); and (3) Donat deposition, $48.40 (exhibits tabbed) and $45.25 (hyperlinked exhibits on CD).

In sum, the court will deduct $118 (service of discovery subpoena), $40 (rush fee), and $392.10 (tabbing and hyperlinked exhibits), for a total of $550.10.  Ford seeks the addition of $788 in costs for John Gordon's deposition, which the court will deny.  Ford used Gordon's declaration, not his deposition, to support its motion for summary judgment.  Although Ford cited to Gordon's deposition testimony in a footnote in its reply brief, the transcript was attached to Plaintiff's response brief, not Ford's reply brief.  Under the circumstances, the court finds that Gordon's deposition transcript was not used in support of Ford's motion.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for review of the taxed bill of costs is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.  The amount of costs taxed in favor of Defendant is reduced by $550.10, for a total amount of $5,019.77.

s/John Corbett O'Meara  
United States District Judge

Date:  November 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, November 28, 2012, using the ECF system.

s/William Barkholz  
Case Manager